IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
DEC 10 2019
Clerk, U.S District Court
District Of Montana
Missoula

BRENDAN E. ADAMS, an individual,

Plaintiff and Counter Defendant,

vs.

HOWARD C. ROBERTS, an individual,

Defendant and Counter Claimant.

CV 18–148–M–DLC

ORDER

Before the Court is Defendant Howard C. Roberts' Motion in limine Regarding Medical Records and Testimony. (Doc. 18.) Roberts asks the Court to exclude all medical records and medical provider testimony as to the cause of Plaintiff Brendan Adams' injuries because Adams failed to provide any expert reports. (*Id.* at 1.) For the reasons explained, the Court grants the motion. Because the parties are familiar with the facts, they will not be restated.

## Discussion

In his Complaint, Adams brings claims for assault,[1] trespass, and intentional infliction of emotional distress. (Doc. 1 at 5–6.) Montana law requires that a

---

[1] Although Adams labels Count I of the Complaint as a claim for assault (Doc. 1 at 5), the Court construes it as a claim for battery. Under Montana law, assault and battery are separate legal theories. *Saucier ex rel. Mallory v. McDonald's Restaurants of Mont., Inc.*, 179 P.3d 481, 494 (Mont. 2008). Battery involves actual contact whereas assault involves only threatened contact. *Id.* (citing Montana Pattern Jury Instructions). Because Adams complains of injuries sustained

1

plaintiff who seeks damages for personal injury (where the injury is one that is subjective or not otherwise plainly apparent) must introduce expert testimony to establish the cause and permanence of the injury. *Cain v. Stevenson*, 706 P.2d 128, 131 (Mont. 1985). Federal Rule of Civil Procedure 26(a)(2) requires litigants to disclose certain expert reports if they intend to use an expert at trial.

Rule 26 applies to two categories of experts: those who are specifically retained for trial, and those who are not specifically retained but will provide testimony that falls within Federal Rules of Evidence 702, 703, or 705. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C). Specifically-retained experts must comply with Rule 26(a)(2)(B)'s more rigorous disclosure requirements,[2] whereas a witness not specifically retained for trial, such as a treating physician, is generally exempt from the specificity required of retained experts so long as their testimony concerns opinions formed during the course of treatment, i.e., those pertaining to "care, treatment and prognosis." *See* Rule 26(a)(2)(C); *Goodman v. Staples The Office*

---

as a result of alleged contact with Roberts, the Court assumes for the purpose of this motion that Adams is pursuing a claim for battery in addition to his assault claim. *See Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory[.]").

[2] Under Rule 26(a)(2)(B), an expert must disclose: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

2

*Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)[3]; (Doc. 14 at 6). Contrary to Adams' contention, these witnesses are not entirely exempt from a reporting requirement. The 2010 Amendment to Rule 26, added subsection (a)(2)(C) which provides that these witnesses must produce a report that states "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

However, non-retained witnesses may become subject to 26(a)(2)(B)'s strictures where their testimony falls outside the scope of treatment. *Goodman*, 644 F.3d at 826. This often occurs when a treating physician consults outside records in order to testify as to whether a certain event caused certain injuries. *See id.*

Where a party fails to disclose a necessary report, that party may not use the non-disclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule is mandatory, and is designed to "give[] teeth" to Rule 26's disclosure requirements. *Joseph v. Linehaul Logistics Inc.*, 2012 WL 3779202 at *1 (D. Mont. Aug. 31, 2012).

---

[3] The parties dispute whether *Goodman* remains good law after the 2010 Amendment to Rule 26. Though *Goodman* interpreted a prior version of the rule, the new rule does not alter *Goodman*'s holding that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* *Goodman* is still good law to the extent that it requires a full 26(a)(2)(B) report when a treating physician forms an opinion by reviewing mattes outside the course of treatment.

3

Adams argues that no report was required because treating witnesses are fact, not expert, witnesses. (Doc. 20 at 2.) Adams is partially correct insomuch as a treating physician may be both a fact and expert witness. *See, e.g, United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Whether a certain witness is an expert (and therefore whether a disclosure is required) centers on the particular testimony offered and whether it falls under Federal Rule of Evidence 701 or 702. Fed. R. Evid. 701, Advisory Committee's Note, 2000 Amendments. Testimony is considered "expert" when it is based on "scientific, technical or other specialized knowledge." *Id.*

> Federal Rule 701 provides:
>
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The Committee Comments to the 2000 Amendment clarify that Rule 701 is not to be used as a way to "channel[] testimony that is actually expert testimony" under Rule 702 to avoid the disclosure requirement's of Rule 26. Rule 701 is generally limited to testimony based on sensory perceptions, common knowledge, or things a lay person is qualified to observe. Opinion testimony of lay witnesses, 5 Handbook of Fed. Evid. § 701:1 (8th ed.).

4

Roberts asks the Court to exclude any testimony that attempts to attribute the cause of Adams' injuries to the alleged altercation with Roberts. (Doc. 19 at 2.) Testimony on this subject is expert testimony that requires disclosure under Rule 26. Adams failed to submit any expert reports—either a detailed 26(a)(2)(B) report or a more general 26(a)(2)(C) report. Adams does not argue that this failure was "substantially justified" or "harmless." Therefore, the Court is required under Rule 37(c)(1) to exclude any such testimony.

Notwithstanding his contention that no report was required, Adams argues that the Court ought to defer ruling on this motion until specific objection is brought at trial as it did in *Walden v. Maryland Casualty Company*. (Doc. 20.) However, the plaintiffs in *Walden* submitted a Rule 26(a)(2)(C) report. *See* 2018 WL 6445549, at *2. Here, because Adams has not submitted any reports, the Court requires no context-based information for its decision. *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010). Accordingly,

IT IS ORDERED that Defendants' Motion (Doc. 18) is GRANTED. Adams may not introduce any testimony or evidence from his care providers attributing the cause of his injuries to an altercation with Roberts. Adams also may not introduce testimony as to care, treatment and prognosis where such testimony is admissible under Federal Rules of Evidence 702, 703, and 705.

Dated this 10th day of December, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court