Stephen D. Bell
Dorsey & Whitney LLP
Millennium Building
125 Bank Street, Suite 600
Missoula, MT 59802-4407
Phone: (406) 721-6025
Fax: (406) 543-0863
Email: bell.steve@dorsey.com

Nathan G. Wagner
Datsopoulos, MacDonald & Lind, P.C.
201 West Main Street, Suite 201
Missoula, MT 59802
Phone: (406) 728-0810
Fax: (406) 543-0134
Email: nwagner@dmllaw.com
jkessler@dmllaw.com

*Attorney for Plaintiff Brendan Adams*   *Attorney for Defendant Howard Roberts*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDAN E. ADAMS, an individual, <br><br>Plaintiff, <br><br>-vs- <br><br>HOWARD C. ROBERTS, an individual <br><br>Defendant. | No. 9:18-CV-00148-DLC <br><br><br>**FINAL PRETRIAL ORDER** |

Pursuant to Fed. R. Civ. P. 16 and L.R. 16.4, the parties submit this Final Pretrial Order to govern the course of trial in this matter.

**I.    Nature of Action.**

A. Plaintiff alleges a cause of action for civil battery, trespass and intentional infliction of emotional distress. Plaintiff alleges that these causes of action arise out

of an incident on July 12, 2017, at which time Defendant physically beat, struck, hit and choked Plaintiff.

B. Defendant/Counterclaimant alleges a claim for civil assault and unlawful restraint.

## II. Jurisdiction and Venue.

Jurisdiction for this case is based on diversity of citizenship. Plaintiff is a citizen of Oregon; Defendant is a citizen of Montana. Plaintiff alleges in excess of $75,000 in damages. The Court's jurisdiction is based on 28 U.S.C. 1332(a)(2). Venue is proper in this Court because the incident giving rise to the claims took place in Lake County, Montana.

## III. Jury.

Jury demand was made. Neither party contests trial of any issue by the jury.

## IV. Agreed Facts.

The following facts are agreed upon and require no proof:

(a) Defendant and Counterclaimant, Howard C. Roberts, is domiciled in and is a citizen of the State of Montana.

(b) A conflict between Brendan E. Adams and Howard C. Roberts occurred on or about July 12, 2017 in Lake County, Montana.

## V. Elements of Liability.

A. Plaintiff's Causes of Action

1. Battery: Intentional contact by one person with the person of another which is harmful or offensive. M.P.I. 2d 9.01.

2. Trespass: Intentional entering onto property without permission or license.

3. Intentional Infliction of Emotional Distress: Showing of serious or severe emotional distress and that such distress was a reasonable/foreseeable consequence of Defendant's action. M.P.I. 2d 15.02.

B. Defendant/Counterclaimant's Causes of Action

Roberts' *prima facie* case in his action for assault requires Roberts to prove that Adams made an intentional threat of harmful or offensive contact with Roberts by force under circumstances which created a well-founded fear of such contact, coupled with the apparent or present ability to carry out the threat. *Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶ 62, 342 Mont. 29, 179 P.3d 481. Roberts must also show that Adams' assault caused harm to Roberts.

Roberts' *prima facie* case in his action for unlawful restraint requires Roberts to prove that Adams or his agents unlawfully and involuntarily restrained Roberts against his will. *Hughes v. Pullman*, 2001 MT 216, ¶ 21, 306 Mont. 420,

36 P.3d 339. Roberts must also show that Adams' unlawful restraint caused harm to Roberts.

## VI. Defense Elements.

A. Defendant's Defense Elements to Plaintiff's Causes of Action

The defenses to be offered by Roberts against Adams claims consist of the following elements:

With regard to Adams' claims for assault and intentional infliction of emotional distress, Roberts is immune under Mont. Code Ann. § 27-1-722 because Roberts use of force against Adams was justified under Mont. Code Ann. § 45-3-102. In addition, Adams claims should be barred or reduced because any harm caused by Roberts was the result of negligence by Roberts, along with negligence by Adams, and the jury must allocate the percentage of fault attributable to each party.

With regard to Adams' claims for trespass, Roberts is not liable because he was lawfully using an easement or right-of-way over Adams' property when Adams confronted and threatened Roberts.

B. Plaintiff's Defense Elements to Counterclaimant's Cause of Action

1. Unlawful Restraint: As Plaintiff's defense to Counterclaimant's unlawful restraint cause of action, Plaintiff will show Counterclaimant had other access for leaving the property and therefore was not compelled to stay at the

4

location. Further, Defendant's "license" to use the easement had been revoked and therefore he was not properly a "guest" allowed to use the easement.

## VII. Relief Sought.

    A. Plaintiff seeks general and special damages:

        1. Out of pocket costs for treatment;

        2. Mental and physical pain and suffering and emotional distress;

        3. Future medical costs;

        4. Punitive damages.

    B. Counterclaimant seeks special, general, and punitive damages for assault and unlawful restraint, including the following:

        (a)    Mental and physical pain, suffering and emotional distress damages to compensate Roberts.

        (b)    Punitive damages to punish and deter Adams.

## VIII. Legal Issues.

    A. Motion in Limine - extent

    B. Roberts disputes the issue of causation of injuries, along with the amount of medical expense damages, will be disputed by Roberts. The Court has previously ruled that:

> Adams may not introduce any testimony or evidence from his care providers attributing the cause of his injuries to an altercation with Roberts. Adams also may not introduce testimony as to care, treatment

and prognosis where such testimony is admissible under Federal Rules of Evidence 702, 703, and 705.

Doc. 22 at 5.

Adams apparently intends to circumvent this ruling by testifying on his own behalf as to the nature and extent of his injuries, and the amount of medical expenses he claims to have incurred from those injuries. Specifically, on March 5, 2020, Adams' counsel submitted an offer to settle in exchange for payment by Roberts of $197,328.00. In this letter, Adams' counsel stated Adams "will testify that he was beaten by Mr. Roberts and suffered serious injuries."

Adams is precluded from testifying as to any injuries he claims were caused by Roberts for two reasons. First, as set forth in Roberts' Brief in Support of Motion in Limine (Doc. 19), Adams' testimony alone is not sufficient to establish causation of the injury where the nature of the injury is such that "laymen can neither plainly see, nor infer from the injury, its cause or its potential for permanency." *Bleek v. Supervalu, Inc.*, 95 F.Supp.2d 1118, 1121 (D. Mont. 2000) (citing *Cain v. Stevenson*, 218 Mont. 101, 105, 706 P.2d 128, 131 (1985)). "Rather, qualified medical testimony from an expert witness is necessary to prove the cause or permanence of such injuries." *Id.* Thus, Adams cannot offer his own testimony to establish causation or permanence of any injury he is claiming. Likewise, because Adams cannot establish that any injury was caused by this incident, he also cannot offer

evidence of the amount of any medical bills that have not been causally linked to this incident.

Second, Adams was served with discovery requests asking him to identify the nature of any injuries he claimed in this matter, and he failed to offer any testimony, as follows:

> **INTERROGATORY NO. 10:** If you are claiming any ongoing physical or mental injury as a result of the facts upon which this action is based, please identify each such injury, describe the symptoms of such injury in detail, and identify each medical provider who has provided any treatment or medical care for each such injury.
>
> **ANSWER:** See list of healthcare providers, ADAMS_000052. Please review records from healthcare providers to identify the nature and extent of injury suffered by Plaintiff, ADAMS_000001-000003, ADAMS_000130. We are seeking additional records and will provide them as soon as they are available.

Adams' answer to Interrogatory No. 10 fails to identify any injury he is claiming and fails to describe any symptoms he claims to be suffering. As a result, he should be precluded from testifying as to any injury he claims to have suffered as a result of his interaction with Roberts. Fed. R. Civ. P. 33(b).

C. Adams disputes the legal contentions and arguments of Defendant. The Court's Order on the motion in limine was rightfully specific and stated "<u>Adams may not introduce any testimony or evidence from his care providers attributing the cause of injuries to an altercation with Roberts</u>."

7

It does not prevent the records from being introduced showing that Adams received medical treatment for certain injuries. Most importantly it does not prevent Adams from testifying about the nature and scope of his injuries received at the hands of Howard Roberts. Denying a plaintiff the ability to testify about his own experiences would be absurd.

"[A] plaintiff need not provide medical expert testimony where the nature of an injury allows a layperson to see plainly or infer the cause of the injury." *McCormack v. Andres*, 2008 MT 182, ¶ 45, 343 Mont. 424, 433, 185 P.3d 973, 979 (citing *Moralli v. Lake County*, 255 Mont. 23, 29, 839 P.2d 1287, 1291 (1992) (citing *Cain v. Stevenson*, 218 Mont. 101, 706 P.2d 128 (1985))).

"We determined in *Moralli* that a plaintiff suffering from injuries caused by a slip and fall in a public facility could testify competently to her past and present conditions." *McCormack v. Andres*, 2008 MT 182, ¶ 45, 343 Mont. 424, 433, 185 P.3d 973, 979 (citing *Moralli*, 255 Mont. at 30, 839 P.2d at 1291).

"The one-page exhibit introduced by McCormack comprised a summary of the medical expenses that she had incurred as of the date of trial. McCormack testified that the summary reflected accurately her medical expenses stemming from the accident. Like the plaintiff's injuries in *Moralli*, the back and brain injuries that McCormack sustained comprised the type of injuries that a layperson could infer had occurred as a result of a car accident. McCormack could testify

8

competently to these injuries. McCormack also could testify competently to the past expenses that she had incurred as a result of her injuries. We conclude that the District Court did not abuse its discretion in admitting the one-page summary of medical expenses." *McCormack v. Andres*, 2008 MT 182, ¶ 46, 343 Mont. 424, 433, 185 P.3d 973, 980.

The answers to interrogatories and answers to deposition questions made it abundantly clear to Defendant that Mr. Adams was injured and was making claims for such injuries. Defendant had the full and fair opportunity to explore across the spectrum of discovery tools to determine. Moreover, if he felt that interrogatory answers which referenced extensive medical records were not sufficient he could have requested more fulsome responses. Instead, he has waited until the eve of trial feigning surprise and "injury" at not being adequately informed. However, Defendant's counsel specifically asked Mr. Adams about his injuries at his deposition of July 18, 2019 at the following pages and lines:

P. 60, Ln. 26 – P. 70, Ln. 11

P. 141, Ln. 11 – P. 151, Ln. 25

## IX. Dismissals.

Plaintiff is not dismissing any claims.

Roberts is not dismissing any of his claims.

## X. Discovery Documents.

9

A. Plaintiff

B. Defendant

**XI.    Estimate of Trial Time.**

Two (2) days. Roberts estimates 3-4 days.

**XII.   Supersession.**

This Order supersedes the pleadings in this matter.

DATED this 22nd day of April, 2021.

_____
DANA L. CHRISTENSEN,
United States District Judge

Approved as to form and content:

/s/ Stephen D. Bell  
Stephen D. Bell  
Attorney for Plaintiff

/s/ Nathan G. Wagner  
Nathan G. Wagner  
Attorney for Defendant