IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDAN E. ADAMS, an individual,<br><br>Plaintiff and Counter Defendant,<br><br>vs.<br><br>HOWARD C. ROBERTS,<br>an individual,<br><br>Defendant and Counter Claimant. | CV 18–148–M–DLC<br><br><br><br>ORDER |

Before the Court is Plaintiff Brendan E. Adams' Motion to Strike Defendant's Witnesses.  (Doc. 66.)  Adams asks the Court to prevent four witnesses from providing testimony at next week's trial based on Defendant Howard C. Roberts' failure to timely disclose them.  (Docs. 66, 67.)  The Court will grant the motion.

Without awaiting a request, a party must provide to the other party "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]"  Fed. R. Civ. P. 26(a)(1)(A)(i).  A party must "timely" supplement this initial disclosure "if the party learns that in some material respect the response is incomplete . . . and if the additional . . . information has not otherwise been made known to the other parties during the discovery process[.]"

- 1 -

*Id.* at 26(e)(1)(A).  And, "unless the court orders otherwise, these disclosures must be made at least 30 days before trial."  *Id.* at 26(a)(3)(B).

As both parties are well aware at this point, Federal Rule of Civil Procedure 37(c)(1) "put[s] teeth into the mandatory disclosure requirements of Rule 26(a) and (e)."  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (internal quotation marks and ellipses omitted).  That is, "[a] party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at trial 'unless the failure was substantially justified or harmless.'"  *Id.* (quoting Fed. R. Civ. P. 37(c)(1)).  Indeed, pursuant to Rule 37(c)(1), Roberts successfully moved for the exclusion of Adams' medical witnesses based on Adams' failure to submit expert reports as required by Rule 26.  (*See generally* Doc. 22.)

In this instance, however, it is Roberts who failed to comply with his Rule 26 obligations.  With ten days left before a trial that has been continued three times, Roberts filed a notice of additional witnesses that he may call.  (Doc. 65.) Specifically, Roberts indicates that he may call four heretofore undisclosed witnesses: (1) Undersheriff Ben Woods; (2) Colt Lackey; (3) Dennis Bolitho; and (4) Valerie Bolitho.  (Doc. 65-2.)  Absent from Roberts' notice is any explanation as to how his last-minute disclosure is substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).  In view of Roberts' previous ability to navigate the interplay

between Rule 26 and Rule 37 to his benefit (*see* Docs. 18, 19, 21), his failure to acknowledge either factor in his notice of supplemental witnesses is particularly glaring.

The Court understands, of course, the reason behind Roberts' late disclosure. In denying Roberts' recent motion for sanctions, the Court also addressed several evidentiary issues that arose at the hearing on the motion. (Doc. 57.)  In particular, the Court indicated that it would allow Roberts "marginal latitude" to elicit evidence about two prior incidents that bear peculiar similarities to the altercation at the center of this case. (*Id.* at 10–12.)  However, the Court warned that any witnesses called for this purpose must have personal knowledge of the incident or incidents to which they testified. (*Id.* at 12.)  To that end, the Court noted that the other parties to the prior incidents—the Lackeys and the Bolithos—were absent from Roberts' "will" or "may" call witness lists. (*Id.* at 12 n.4; Doc. 27 at 17–18.)

It appears, then, that Roberts' undisputedly last-minute disclosure is "substantially justified" by his desire to proffer admissible evidence about the Lackey and Bolitho incidents.  *See* Fed. R. Civ. P. 37(c)(1).  The Court disagrees. Again, the Court strictly cabined any inquiry into the Lackey and Bolitho incidents to "establishing the points of 'peculiar' similarity between these two incidents and the event at issue [in this case]." (Doc. 57 at 12.)  Specifically, the only relevance the Lackey and Bolitho incidents bear to the instant case is to demonstrate a

"'peculiar' pattern wherein Adams finds himself resolving disputes over property lines and land access through aggressive confrontations with neighbors." (*Id.* at 11.)  Inquiry about the historical background of Adams' relationships with the Lackeys and Bolithos, the Court said, would be denied.  (*Id.* at 12.)

At the sanctions hearing, the Court heard Adams testify about both the Lackey and Bolitho incidents.  And, the Court is convinced that Roberts can elicit sufficient evidence about both events—within the confines of the marginal latitude granted—from Adams himself.  That is, just as he did at the hearing, Adams can testify to the fact of the altercations, the subject of the altercations (property lines and/or land access), and the nature of the altercations.  Those are the points of peculiar similarity between those incidents and the altercation at issue in this case; anything further simply detours into a largely irrelevant, unfairly prejudicial, and confusing sideshow.  That the Court will allow significantly limited testimony about the Lackey and Bolitho incidents—evidence which can be elicited from the plaintiff—fails to amount to a "substantial justification" for Roberts' eleventh-hour disclosure.  *See* Fed. R. Civ. P. 37(c)(1).

Additionally, Roberts cannot genuinely argue that his late disclosure is harmless.  If the Court allows these four new witnesses to testify at trial, Adams will have to depose them— "or at least consider which witnesses were worth deposing—and to prepare to question them at trial."  *See Ollier*, 768 F.3d at 863.

- 4 -

Reopening discovery in this already protracted case would burden Adams and disrupt the Court's and the parties' schedules. *Id.* "The last thing a party or its counsel want in a hotly contested lawsuit is to make last-minute preparations and decisions on the run." *Id.*

In sum, because Roberts' failure to comply with the disclosure requirements of Rule 26(a) and (e) is neither substantially justified nor harmless, the Court will grant Adams' motion to exclude the four new witnesses Roberts names on his "may" call list. (*See* Doc. 65-2.) Obviously, should Adams testify untruthfully to the Lackey and Bolitho incidents, Roberts' disclosure obligations do not extend to witnesses used "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Again, however, the Court cautions Roberts that inquiry into either incident—even for impeachment—is strictly limited to those points of peculiar similarity to the altercation at issue in this case.

Accordingly, IT IS ORDERED that the motion (Doc. 66) is GRANTED. Roberts is precluded from calling the following four untimely disclosed witnesses at trial: (1) Undersheriff Ben Woods; (2) Colt Lackey; (3) Dennis Bolitho; and (4) Valerie Bolitho. (*See* Doc. 65-2.)

DATED this 28th day of April, 2021.

Dana L. Christensen, District Judge
United States District Court