Stephen D. Bell
DORSEY & WHITNEY LLP - MISSOULA
125 Bank Street
Millennium Building, Suite 600
Missoula, Montana 59802
Bell.steve@dorsey.com

Tyson A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
2315 McDonald Ave., Suite 106
Missoula, Montana 59801
Phone: (406) 396-9367
tyson@krismcleanlaw.com

*Attorneys for Plaintiff Brendan E. Adams*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDAN E. ADAMS, an individual,<br><br>　　Plaintiff and Counter Defendant,<br>v.<br><br>HOWARD C. ROBERTS,<br>an individual,<br><br>　　Defendant and Counter Claimant. | Cause No. CV 18-148-M-DLC<br><br>**PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS** |

COMES NOW, Plaintiff and Counter Defendant, Brendan E. Adams, (hereinafter "Adams"), by and through his counsel of record, and submits this response brief to Defendant and Counter Claimant's (hereinafter "Roberts") *Motion for Award of Attorney's Fees and Costs*. For the reasons that follow, this

Court should deny Roberts' motion for attorney's fees and reduce the requested costs.

## RESPONSE TO ROBERTS' MOTION FOR COSTS

### Argument

Roberts relies on Fed. R. Civ. P 54(d)(1) and Local Rule 54.1 to request his costs be paid by Adams. Absent a court order, federal statute or a Federal Rule of Civil Procedure that "provides otherwise," the decision to award costs to the prevailing party lies within this Court's sound discretion. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013) (quoting Fed. R. Civ. P. 54(d)(1)). Local Rule 54.1(b)(1)(A) states, "[c]osts of depositions taken solely for discovery purposes and depositions of the moving party's witnesses who are withdrawn or precluded from testifying are not allowed." Further, "[c]osts and fees paid for witnesses paid under 28 U.S.C. § 1821 are allowed for each day a witness testifies *at trial*. Otherwise, the moving party must establish the witness's presence was required." Local Rule 54.1(b)(2)(A) (emphasis added).

Adams objects to Roberts' request for his expert witness fees of $2,492.50. Reasons for objection: "Federal law allows the defendant to recover forty (40) dollars per day per witness." *Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1167 (9th

Cir. 1995) (citing 28 U.S.C. § 1821(b)) (vacating the district court's expert witness award for costs and holding the district court should have applied 28 U.S.C. § 1821(b) when it determined expert witness costs. *Id. at* 1168.). "A federal court may not exceed this limit without explicit statutory or contractual authorization." *Aceves,* 68 F.3d at 1167 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987)). "The court may not use other cost provisions like 28 U.S.C. § 1920 or Federal Rule of Civil Procedure 54(d) to circumvent section 1821(b)." *Crawford Fitting Co.,* 482 U.S. at 442. In this case, there is no contractual or statutory authorization to exceed the witness fee of $40 per day. Accordingly, Roberts' request for reimbursement for his expert fees should be reduced to only $40—the one-day cost for his attendance at his deposition. Local Rule 54.1(b)(2)(B); 28 U.S.C. § 1821 (2)(b); 28 U.S.C. § 1920; *Crawford Fitting Co.*, 482 U.S. at 445. Further, Roberts' experts' mileage of $0.65/mile has no basis in the law, specifically, the internal revenue service code and should be excluded. 28 U.S.C. § 1821(c)(2); 5 U.S.C. § 5704(a)(1).

      Roberts requested costs that are wholly unrelated to witness testimony <u>at trial</u>. Adams objects to the following costs and fees requested for witnesses who did not testify at trial and provides the reasons for the objection. Local Rule 54.1(a)(2).

1. Objection as to John Kenney's witness fees and costs – Sanctions Hearing & Trial for a total of $306.24. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. (Doc. 57). John Kenney's testimony at the sanctions hearing was not testimony *at trial*. Local Rule 54.1(b)(2)(A). Roberts failed to identify John Kenney's witness fees and costs related to trial. As such, all fees and costs related to John Kenney should be excluded.

2. Objection as to Les Walter's witness fees and costs – Sanctions hearing for a total of $149.74. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. (Doc. 57). Les Walter's testimony at the sanctions hearing was not testimony *at trial*. Local Rule 54.1(b)(2)(A).

3. Objection as to Rhonda Walter's witness fees and costs – Sanctions hearing for a total of $149.74. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. (Doc. 57). Rhonda Walter's testimony at the sanctions hearing was not testimony *at trial*. Local Rule 54.1(b)(2)(A). Rhonda Walter presumably traveled with her husband in the same vehicle to court and their mileage is a duplicate of the other.

4. Objection as to Jane Nolan's witness fees and costs – Sanctions hearing

totaling $153.34. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. (Doc. 57). Jane Nolan *did not testify*. Local Rule 54.1(b)(2)(A).

5. Objection as to Levi Read's witness fees and costs – Sanctions hearing totaling $119.52. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. (Doc. 57). Levi Read's testimony at the sanctions hearing was not testimony *at trial.* Local Rule 54.1(b)(2)(A).

Adams objects to Roberts' request for costs related to his service of his subpoenas on Les Walter, John Kenney (two subpoenas), Jane Nolan, Levi Read, and Rhonda Walter. Each service of subpoena cost $100 each for a total of $600. Reasons for objection: Roberts was not the prevailing party on the sanctions issue. Jane Nolan never testified. Les and Rhonda Walter and Levi Read did not testify at trial. John Kenney only needed one subpoena to testify at trial and Adams presumes one of his subpoenas was for the sanctions hearing where Roberts did not prevail on that issue. Adams cannot find any legal authority that permits subpoena costs to be awarded to the non-prevailing party. *See* 28 U.S.C. § 1920; Local Rule 54.1. Roberts has not identified any legal basis that allows these costs to be awarded.

Finally, Adams objects to Roberts' request for costs related to the deposition

of Howard C. Roberts and Lindsay Roberts for a total of $539.90. Reasons for objection. These depositions were taken solely for discovery purposes and were not used at trial. Local Rule 54.1(b)(1)(A) and (B)(ii).

## Conclusion

Based on the foregoing reasons, Roberts costs should be reduced by $4,470.98 to a total of $2,595.80.

## RESPONSE TO ROBERTS' MOTION FOR ATTORNEY'S FEES AS TO HIS JUSTIFIABLE USE OF FORCE AFFIRMATIVE DEFENSE

## Introduction

After a five (5) day jury trial, the jury reached a verdict that simultaneously found that Adams did not assault Roberts, but Roberts was justified in using force against Adams. (Doc. 93, 1 and 4). The jury also found that Roberts did not commit a battery against Adams. *Id.* at 1. Roberts' affirmative defense of justifiable use of force was raised in defense of Adams' "claim for assault and intentional infliction of emotional distress…because Roberts was acting in self-defense in response to Adams' oral statements and actions." (Doc. 4, 4, ¶ 3.). Thus, Roberts' affirmative defense of justifiable use of force extends only to those two counts. But Roberts' defense counsel submitted "the total amount of reasonable attorney fees incurred by Howard Roberts in relation to this matter" totaling $77,395.00. (Doc. 100-1, 2, ¶ 8). Roberts attorney's fees, if awarded at all, must be

limited by this Court to the fees expended related solely to Roberts' justifiable use of force defense and must be reasonable.

## Legal Standard

In a diversity case, applicable state law controls both the award of and the reasonableness of attorney's fees. *Riordan v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-38-M-DWM-JCL, 2008 WL 2512023, at *2 (D. Mont. June 20, 2008), *aff'd,* 589 F.3d 999 (9th Cir. 2009) (citing *Carnes v. Zamani,* 488 F.3d 1057, 1059 (9th Cir.2007) (citations omitted). "Accordingly, Montana law supplies the rule of decision regarding whether or not [Roberts] has a substantive right to recover attorneys fees." *Riordan,* WL 2512023, at *2. The procedure for requesting an award of attorney's fees in a diversity action, however, is governed by federal law. *Id.* "Montana follows the American Rule regarding attorney fees where each party is ordinarily required to bear his or her own expenses absent a contractual or statutory provision to the contrary…" *Est. of Gleason v. Cent. United Life Ins. Co.*, 2015 MT 140, ¶ 81, 379 Mont. 219, 238, 350 P.3d 349, 362 (citing *Winter v. State Farm,* 2014 MT 168, ¶ 31, 375 Mont. 351, 328 P.3d 665) (citations omitted). The reasonable amount of attorney's fees awarded is left to the discretion of the district court. *DiMarzio v. Crazy Mountain Const., Inc.,* 2010 MT 231, ¶ 53, 358 Mont.

119, 127, 243 P.3d 718, 724; *See Plath v. Schonrock,* 2003 MT 21, ¶ 40, 314 Mont. 101, 64 P.3d 984.

## Argument

The jury returned a verdict that Roberts was justified in his use of force against Adams without finding that an assault or battery occurred. If the Court determines that attorney's fees should be awarded, the Court must limit those attorney's fees to only Roberts' justifiable use of force defense. *Northwestern Natl. Bank of Great Falls v. Weaver-Maxwell, Inc.*, 224 Mont. 33, 44, 729 P.2d 1258, 1264-65 (1987). Roberts spent a moment at trial to develop his justifiable use of force defense when he testified that he extended his arm out and hit Adams in the chest and neck area when Adams approached him on his 4-wheeler. This testimony and the justifiable use of force defense is but a drop in the bucket of Roberts' request for all his attorney's fees totaling $77,395.00. Indeed, Roberts' defense counsel's itemized billing provides clear evidence that a lion's share of Roberts' attorney's fees was attributed to the other counts, motions, discovery, and hearings in this case that are not tied to Mont. Code Ann. § 27-1-722 and thus no attorney fees are allowed.

1. **Roberts' Attorney Fee Request Must be Limited.**

Roberts' attorney fees must be based only on the time his attorney spent on

his justifiable use of force defense. "In a lawsuit involving multiple claims or multiple theories, an award of attorney fees must be based on the time spent by the prevailing party's attorney on the claim or theory under which attorney fees are allowable." *Northwestern Natl. Bank of Great Falls*, 224 Mont. at 44, 729 P.2d at 1264-65 (citing *Kadillak v. Mont. Dept. of State Lands*, 198 Mont. 70, 74, 643 P.2d 1178, 1181 (1982)). Only when it is impossible to segregate the attorney's time between claims is a party entitled to their reasonable attorney's fees for the case. *Blue Ridge Homes, Inc. v. Thein*, 2008 MT 264, ¶ 79, 345 Mont. 125, 191 P.3d 374; *see also Donnes v. Orlando*, 221 Mont. 356, 361-62, 720 P.2d 233, 237 (1986).

Roberts argues he is entitled to reasonable attorney's fees pursuant to Mont. Code Ann. § 27-1-722(4) that provides "[t]he prevailing party in an action in which a defense is asserted under this section is entitled to costs and reasonable attorney fees." But Roberts offered no detailed information that allows this Court to determine the time his attorney spent on his justifiable use of force defense. Instead, Roberts' counsel requests a blanket attorney's fees request for all his work on this matter stating "'[t]he billing records establish that the attorney fees incurred by Howard Roberts were reasonable and necessary in defending Brendan Adams' claims asserted against Howard Roberts in this matter" and "the total amount of

reasonable attorney fees incurred by Howard Roberts in relation to this matter is $77,395.00." (Doc. 100-1, 2, ¶ 6 and 8). But Roberts' counsel's request for an award of his full attorney's fees is contrary to Montana law. If Roberts is entitled to attorney's fees, it is only those attorney's fees provided for in statute and related to his justifiable use of force defense. *Northwestern Natl. Bank of Great Falls,* 224 Mont. at 44; *Est. of Gleason*, 2015 MT at ¶ 81.

Roberts' attorney's itemized billing reveals that the attorney's fees requested do not delineate in any discernible fashion the time Roberts' attorney spent on his justifiable use of force defense. (Doc. 100-1, 4–8). Accordingly, this Court should award no fees since Roberts failed to identify any fees related to Roberts' justifiable use of force defense. *Northwestern Natl. Bank of Great Falls*, 224 Mont. at 44; *Plath,* 2003 MT at ¶ 39 (stating "[i]n contested cases [The Montana Supreme Court] [is] inclined to follow those states requiring the introduction of proof from which a reasonable fee may be determined. *To award a fee in such a case without proof would be to disregard the fundamental rules of evidence. An award of fees, like any other award, must be based on competent evidence.*" *Id.* (emphasis in original)). Here, Roberts' evidence of his attorney's fees is too vague to establish the fees related to his justifiable use of force defense and should be denied.

Roberts may argue that his claims are impossible to segregate but his

itemized attorney's fees offer detail that evidence work not related to his justifiable use of force defense. Reviewing Roberts' attorney's fees, Roberts' attorney's fees unrelated to his justifiable use of force defense include those related to: expert witness disclosures, objections to expert disclosures, response to motion to extend deadlines, motion for summary judgment regarding lack of expert testimony on the issue of damages, motion in limine and briefing, depositions of doctors, phone calls with opposing counsel regarding pretrial procedures, the preparation of the application for fees and costs (and the research associated with those filings), motions for witnesses to appear via Zoom, voir dire preparation, trial binder preparation, trial subpoenas and other subpoena work, the preparation for and deposition of Tom Henesh, any research or activities related to 404 evidence, scheduling order work, and phone calls with witnesses other than Roberts[1]. Exhibit A. The attorney's fees identified in Exhibit A should not be awarded because these attorney's fees are clearly unrelated to Roberts' justifiable use of force defense[2]. *Id.*

    Roberts is also requesting fees related to the sanctions issue. He was not the

---

[1] Plaintiff Counter-defendant in no way concedes that those fees which are not expressly excludable are in fact related to the cause of action by which Roberts claims to be entitled to attorney's fees. As explained in detail, case law requires that the timekeeper provide sufficiently clear entries so that the time can be tied to a particular cause of cause of action. Roberts has failed in that regard.

[2] Adams submitted a spreadsheet that identifies those fees that are expressly excludable for this Court's convenience and consideration. Exhibit A.

**PLAINTIFF'S RESPONSE BRIEF**      Page **11** of **14**

prevailing party on that issue. (Doc. 57, 13). Accordingly, the Court should exclude all those attorney's fees that are tied to the sanctions dispute. *Northwestern Natl. Bank of Great Falls*, 224 Mont. at 44; Exhibit A.

In sum, Roberts should not be awarded attorney's fees because he failed to identify those fees related to his justifiable use of force defense. In the alternative, Roberts should be required to segregate his attorney's fees spent solely on his justifiable use of force defense.

### 2. Roberts Attorney Fee Request is Not Reasonable.

An award for attorney's fees must be reasonable and ascertained under the facts of each case. *Plath* 2003 MT at ¶ 36. *Plath* sets forth a non-exclusive multi-factor test to determine whether attorney's fees are reasonable. *Id.* The *Plath* factors are to be considered as guidelines and include: (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys. *Id.*

Regarding factors (3) – (5), this case arises out of an altercation between two adult men in rural Montana. The ramifications of this litigation affected only the

parties and was not of public import. The legal issues were not complex.

Regarding factor (6), Mr. Wagner is a rising attorney in the Missoula legal community having recently started his own firm after practicing with Datsopoulos, MacDonald & Lind, P.C. Adams is unfamiliar with Mr. Wanger's regional, national, or international reputation. However, Adams points out that at the outset of this case Mr. Wagner's hourly rate was $225/hour in 2018 through 2020 but then increased to $275/hour when he started his own firm. (Doc. 100-1, 4–8). Mr. Wagner's rate should remain at $225/hour for the entire litigation.

As for factor (7), the jury award for Roberts is adequate to compensate him and his attorney.

As argued above, Roberts' attorney claims his attorney's fees totaled $77,395.00 for the entire case. That amount is unreasonable given the nature of this case. To receive reasonable attorney's fees, Roberts has the burden of proving which fees are reasonable and related to his justifiable use of force defense. *Plath,* 2003 MT at ¶ 36; *Northwestern Natl. Bank of Great Falls v.* 224 Mont. at 44. He has failed to do so. Accordingly, the Court should deny his request for attorney's fees related to his justifiable use of force defense.

## CONCLUSION

For the reasons identified and argued above, any award of attorney fees in

this case mut be *reasonable* and strictly limited to those reasonable attorney's fees associated with Roberts' justifiable use of force defense. Roberts failed to identify his attorney's fees related to his justifiable use of force defense. As such, his motion for attorney's fees should be denied.

If any costs are awarded, Roberts' costs should be reduced to $2,595.80.

RESPECTFULLY SUBMITTED this 31st day of May, 2021.

/s/ Tyson A. McLean
Tyson A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
Attorney for Brendan E. Adams

Certificate of Compliance

The undersigned certifies this brief contains 2,794 words according to Microsoft Word count excluding the caption, this certification, table of contents and authorities, exhibit index, and any certificate of service. Local Rule 7.1(d)(2).

DATED this 31st day of May, 2021.

/s/ Tyson A. McLean
Tyson A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
Attorney for Brendan E. Adams